**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**INTERNATIONAL SHIP REPAIR AND MARINE SERVICES, INC.,**

**Plaintiff,**

**v.** **Case No. 8:26-cv-01805-MSS-AAS**

**M/T FPSO ECO III,**

**Defendant.**
______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff International Ship Repair and Marine Services, Inc. (ISR), moves for the entry of default against Defendant M/T FPSO ECO III (the Vessel), her engines, tackle, apparel, etc. (Doc. 22). No response was filed in opposition, and the time to do so has passed. *See* Local Rule 3.01(d), M.D. Fla. For the reasons discussed below, the undersigned recommends that the motion be granted.

## I. BACKGROUND

ISR filed a verified complaint requesting to foreclose a maritime lien for necessaries on the Vessel under 46 U.S.C. § 31301, et seq. (Doc. 1). ISR moved for issuance of a warrant of arrest *in rem* under Rule C of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 3). The court issued an order directing the issuance of a warrant of arrest related to the Vessel (Doc. 9) and appointing ISR as substitute custodian (Doc. 8). The Clerk then issued the Warrant of Arrest for the Vessel. (Doc. 15). On July 8, 2026, the U.S. Marshals Service arrested the Vessel.

The Notice of Action *in Rem* was published as required by the Supplemental Admiralty Rules and §§ 3(c) and (g) of the Admiralty and Maritime Practice Manual of this court.[1] (Doc. 16). ISR also provided notice to the three potential owners of the Eco III, TMM Division Maritima, Verde Maritime, and Maritima Golfo De Mexico. No claims were filed within the required time frame, nor any answer filed. On August 21, 2026, ISR filed for Clerk's Default against the Eco III, which the court granted. (Docs. 18, 20).

ISR now moves this court for an order: (1) declaring final default judgment against Eco III; (2) awarding ISR damages, plus prejudgment interest at the rate provided by 28 U.S.C. § 1961; (3) directing that the United States Marshal sell the Vessel; (4) declaring that ISR may credit bid up to the

[1] Supplemental Admiralty Rule C(6)(a)(i)(A)-(B) provides that in an action *in rem* a person who asserts a right of possession or any ownership in the property that is the subject of the action must file a verified statement of right or interest property that is the subject of the action must file a verified statement of right or interest, within 14 days after the execution of process, or within the time that the court allows.

amount of the judgment entered; and (5) providing for ISR to recover additional amounts as administrative priority payments for *custodia legis* services and expenses provided after September 14, 2026 through the date the court confirms the sale of Eco III. (Doc. 22).

## II. ANALYSIS

A court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). In defaulting, a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide

the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

The verified complaint states that ISR provides ship repair and marine services in Florida. ISR also provides berthing for vessels awaiting repair or recovery by their owners. The Vessel, previously owned by TMM Division Maritima, underwent repairs at ISR's facilities. The Vessel was then acquired by Verde Maritime, which became a successor in interest to TMM Division Maritima. Maritima Golfo De Mexico now owns the Vessel. On May 26, 2023, the Vessel entered the ISR shipyard to complete a ship repair contract.

ISR provided services, including repairs and berthing, at an agreed-upon rate. After the repairs were completed, the owners failed to remove the Vessel. As a result, ISR began charging the owners for berthing and arrested the Vessel in an *in rem* action. Subsequently, the owners paid the sums due for berthing, and ISR dismissed the *in rem* action against the Vessel.

At that time, the owners agreed to either engage ISR to perform

additional repairs or remove the Vessel from ISR's facility. If the owners did neither, the owners agreed to pay additional dockage. The owners neither removed the Vessel nor contracted with ISR to perform additional repairs, and pursuant to the agreement, ISR began charging for berthing the Vessel. ISR rearrested the Vessel, and its owners have failed to pay the outstanding charges for the balance due for the necessaries provided.

Under the Federal Maritime Lien Act, "a person providing necessaries to a vessel" may assert a lien against the vessel and sue *in rem* to enforce the lien. 46 U.S.C. § 31342(a). The term "necessaries" is given a broad meaning. *See Bradford Marine, Inc. v. M/V Sea Falcon*, 64 F.3d 585, 589 (11th Cir. 1995) (noting that the term "necessaries" has been liberally construed to include "what is reasonably needed in the ship's business") (citing *J. Ray McDermott & Co. v. Off–Shore Menhaden Co.*, 262 F.2d 523, 525 (5th Cir. 1959)). By statute, necessaries include "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4).

For a party to establish a maritime lien: (a) the good or service must qualify as a "necessary"; (b) the good or service must have been provided to the vessel; (c) on order of the owner or agent; and (d) the necessaries must be supplied at reasonable prices. *Barcliff, LLC v. M/V Deep Blue, IMO*, No.

9215359, 876 F.3d 1063, 1068 & n.5 (11th Cir. 2017). Title 46 U.S.C. § 31341 states that the owner is presumed to have authority to procure necessaries for a vessel. As owner, Maritima Golfo De Mexico had the authority to procure necessaries for its vessel. The verified complaint establishes that the owner entered an agreement with ISR to pay dockage and did not pay for the services. (Doc. 1, ¶¶ 5–6, 9–11). In addition, the affidavit of Hugo Ortiz, Senior Vice President of ISR, provides evidence in support of ISR's damages. (*See* Doc. 22, Ex. A). The agreement, outlined in the verified complaint, establishes the reasonable rates for the services provided to the Vessel. (Doc. 1, ¶¶ 5–6).

In addition, taxes due on necessaries provided to the Vessel constitute a portion of the cost and are therefore included in the maritime lien. *See Robbies of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1270 (S.D. Fla. 2020). ISR is also entitled to receive prejudgment interest at the rate established by 28 U.S.C. § 1961. *Id.* at 1271. Thus, ISR is entitled to foreclose its maritime lien to recover $349,895.15 from the Vessel. (Doc. 22, Ex. A, ¶ 3).

Further, services of property advances to preserve and maintain the Vessel under seizure, furnished upon authority of the court, should be allowed as *custodia legis* expenses. *See Associated Metals and Minerals Corp. v. Alexander's Unity MV*, 41 F.3d 1007, 1018 (5th Cir. 1995). The court appointed

ISR to serve as the substitute custodian of the Vessel. (Doc. 11). That order provides that all reasonable expenditures which may be incurred by the substitute custodian in towing, safekeeping, and maintaining the Vessel while she is in *custodia legis* shall be administrative expenses and a first charge on the defendant Vessel. *Id.* Mr. Ortiz avers to the amount that ISR charged for its custodial services in the matter. (Doc. 22, Ex. A, ¶ 4).

## III. CONCLUSION

Based on the well-pleaded factual allegations in the verified complaint and evidence of damages established in Mr. Ortiz's declaration, it is **RECOMMENDED** that:

(1) ISR's Motion for Final Default Judgment (Doc. 22) be **GRANTED**;

(2) Default judgment be entered in favor of ISR and against the *in rem* Defendant, M/T Eco III and the court and award ISR damages of $349,895.15, *custodia legis* expenses in the amount of $184,348.18, the prejudgment interest at the rate provided by 28 U.S.C. § 1961, $3,500.00 in U.S. Marshal's fees, and $405.00 in filing fees for a total of $538,148.33.;[2]

(3) The U.S. Marshal be directed to conduct the sale of the Vessel, her engines, tackle, apparel, furniture, equipment, appurtenances, and all other

---

[2] ISR's motion requests an incorrect sum of $538,184.33. (Doc. 22, p. 13).

necessaries thereunto appertaining and belonging to *Eco III*, in accordance with Rule E(9) of the Supplemental Admiralty Rules and the Local Admiralty and Maritime Practice Manual 5(r).

(4) ISR be granted permission to credit bid its judgment at the public sale of *Eco III*.

(5) declare that ISR may recover additional amounts as administrative priority payments for *custodia legis* services and expenses from September 14, 2026, through the date the court confirms the sale of the Vessel.

**ENTERED** in Tampa, Florida, on October 1, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right

to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.