**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**INTERNATIONAL SHIP REPAIR AND MARINE SERVICES, INC.,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-1805-MSS-AAS**

**M/T FPSO ECO III,**

**Defendant.**

---

**ORDER**

Before the Court is the Report and Recommendation of Magistrate Judge Amanda Arnold Sansone, (Dkt. 23), recommending that the Court grant Plaintiff International Ship Repair and Marine Services, Inc.'s Motion for Final Default Judgment. (Dkt. 22) No objection to the Report and Recommendation has been filed, and the deadline to object has passed.

In its Motion, Plaintiff requests that the Court: (1) declare final default judgment against Defendant M/T FPSO Eco III (the "Vessel"); (2) award Plaintiff damages, plus prejudgment interest at the rate provided by 28 U.S.C. § 1961; (3) direct that the United States Marshal sell the Vessel; (4) declare that Plaintiff may credit bid up to the amount of the judgment entered; and (5) provide for Plaintiff to recover additional amounts as administrative priority for *custodia legis* services and expenses provided after September 14, 2026 through the date the Court confirms the sale of the Vessel.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d

732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 23), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Motion for Final Default Judgment, (Dkt. 22), is **GRANTED**.

3. Default Judgment is entered in favor of Plaintiff and against the *in rem* Defendant, M/T FPSO Eco III.

4. Plaintiff is awarded damages of $349,895.15, *custodia legis* expenses in the amount of $184,348.18, prejudgment interest at the rate provided by 28

U.S.C. § 1961, $3,500.00 in U.S. Marshal's fees, and $405.00 in filing fees for a total of $538,148.33.

5. The U.S. Marshal is directed to conduct the sale of the Vessel, her engines, tackle, apparel, furniture, equipment, appurtenances, and all other necessaries thereunto appertaining and belonging to the Vessel, in accordance with Rule E(9) of the Supplemental Admiralty Rules and the Local Admiralty and Maritime Practice Manual 5(r).

6. Plaintiff may credit bid its judgment at the public sale of the Vessel.

7. Plaintiff may recover additional amounts as administrative priority payments for *custodia legis* services and expenses from September 14, 2026, through the date the Court confirms the sale of the Vessel.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person